UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Comest Sabatino Allen, # 300353, | ) | C/A No. 9:12-2583-TMC-BM |
| Petitioner, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Warden McKie, | ) | |
| Respondent, | ) | |

Comest Sabatino Allen ("Petitioner"), proceeding *pro se*, brings this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner incarcerated at the Kirkland Correctional Institution in Columbia, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.

Petitioner alleges on July 18, 2012, a jury convicted him of ABHAN, failure to stop, driving under the influence, and leaving the scene of an accident in the Greenville County Court of General Sessions, and he received a 10-year sentence of imprisonment. Pet. 1, ECF No. 1. He seems to allege that he did not file a direct appeal because his attorney failed to do so. Pet. 7. Further, he seems to allege that he has not filed any other petitions, applications, or motions concerning this judgment of conviction in any state court. Pet. 3. In the petition, he raises several grounds for relief, including violations of his constitutional rights because the ABHAN charge was not indicted by a grand jury, his right to a speedy trial was violated, ineffective assistance of counsel, the state failed to prove the elements of his conviction, and the trial was unfair because the judge was not informed about his mental illness. Pet. 5–10. Petitioner requests a reversal of his ABHAN conviction and a hearing on his speedy trial allegations. Pet. 14.

### *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). However, even when considered under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

This petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed because Petitioner has not yet exhausted his state court remedies. With respect to his conviction and sentence, Petitioner may seek a writ of habeas corpus under 28 U.S.C. § 2254 only after he has



exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'"). To exhaust state court remedies in South Carolina, a direct appeal may be pursued. *See State v. Northcutt*, 641 S.E.2d 873 (S.C. 2007). If a direct appeal was filed and is ultimately unsuccessful (or if no direct appeal was filed), a petitioner may file an application for post-conviction relief ("PCR") in a court of common pleas. *See* S.C. Code Ann § 17-27-10 *et seq.* (1976); *see also Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). If a South Carolina prisoner's PCR application is denied or dismissed by a court of common pleas, a petitioner can file a request for writ of certiorari with a South Carolina appellate court. *See* S.C. Code Ann § 17-27-100 (1976); *Knight v. State*, 325 S.E.2d 535 (S.C. 1985). In fact, if a petitioner's PCR application is denied by a court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his PCR application may be barred by a procedural default. *See Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion).

In this case, because it appears that Petitioner did not file a direct appeal, the South Carolina statute requires that a PCR application must be filed within one year after the entry of a judgment of conviction. *See* S.C. Code Ann. § 17-27-45(A) (1976). Petitioner alleges that his conviction and sentence occurred on July 18, 2012, so it appears that he has approximately one year



3

thereafter to file a PCR application in the Greenville County Court of Common Pleas. Thus, at this point there does not appear to be the absence of available state corrective process. *See* 28 U.S.C. § 2254(b)(1)(B). The United States District Court for the District of South Carolina should not keep this case on its docket while Petitioner is exhausting his state remedies.[1] *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## Recommendation

Accordingly, it is recommended that the § 2254 petition be dismissed without prejudice and without requiring the Respondent to file an answer or return.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

October 15, 2012
Charleston, South Carolina

---

1) There are specific time limitations for filing a habeas action in this federal court pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d).

4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

